UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TALARICO BROS. BUILDING CORP.; JOSEPH LOZINA, SR. AND
JOSEPH LOZINA, JR.; JOHN GRACE; PHILIP PALMERI; MARK AND
THERESA SCHULER; CONSTANTINO AND CHRISTINE ARGONA; JOHN
RAYMOND; HAROLD WADE; WALTER AND BARBARA MICHAELS;
ROBERT WARD AND BETTY MOTICKA; THE WHEELHOUSE, INC.,
AND THOMAS AND DEBORAH HARRISON; GARY EBERSOLE;
DIETRICK BROTHERS, INC.; PAUL AND DIANE ZIUKO; 8001
BUFFALO AVE., INC.; 9524 NIAGARA FALLS BOULEVARD, LLC;
BOWLEN ENTERPRISES, LTD.; 9540 NFB, LLC; GREATER NIAGARA
BUILDING CENTER INC.; AND JOSEPH C. WEBER, INC.,

PLAINTIFFS,

**COMPLAINT** AND
**JURY DEMAND**

CIVIL NO. _____

V.

UNION CARBIDE CORPORATION; OCCIDENTAL
CHEMICAL CORPORATION; AND BAYER CROPSCIENCE INC.,

DEFENDANTS.

---

       Talarico Bros. Building Corp.; Joseph Lozina, Sr. and Joseph Lozina, Jr.; John Grace;

Philip Palmeri; Mark and Theresa Schuler; Constantino and Christine Argona; John Raymond;

Harold Wade; Walter and Barbara Michaels; Robert Ward and Betty Moticka; The Wheelhouse,

Inc., and Thomas and Deborah Harrison; Gary Ebersole; Dietrick Brothers, Inc.; Paul and Diane

Ziuko; 8001 Buffalo Ave., Inc.; 9524 Niagara Falls Boulevard, LLC; Bowlen Enterprises, Ltd.;

9540 NFB, LLC; Greater Niagara Building Center Inc.; and Joseph C. Weber, Inc. (each a

"Plaintiff," collectively "Plaintiffs"), by their attorneys, HARTER SECREST & EMERY LLP and

THE STAMM LAW FIRM, for their complaint against Defendants Union Carbide Corporation,

1

Occidental Chemical Corporation, and Bayer Cropscience Inc. (each entity, along with its respective corporate predecessors as set forth herein, a "Defendant," collectively "Defendants") allege as follows.

## NATURE OF THE ACTION

1.      Defendants conducted industrial operations in and around Niagara County, New York at various times in the 1900s. The operations involved processing radioactive ores, radioactive ore deposits, and/or other radioactive raw materials, which resulted in the generation of large volumes of radioactive byproducts and wastes, including slag, a fragmented rock- or cinder-like aggregate material that is a byproduct of the extraction of metals and/or other elements from ore.

2.      Defendants knew or should have known that the radioactive solid wastes posed a danger to human health and the environment if improperly disposed of.

3.      But rather than bear the costs and inconvenience of proper handling of the waste, Defendants indiscriminately, and with gross recklessness and deliberate disregard for the interests of others in the community, directly and indirectly disposed of the radioactive solid wastes throughout Erie and Niagara Counties. At many sites, the radioactive solid wastes were used as fill material and/or as an aggregate substitute.

4.      For nearly 40 years, this problem has received intermittent attention from various federal and New York State agencies. Numerous government reports have been prepared, more than 100 impacted properties have been identified, and recommendations for further evaluation and cleanup have been made. But despite the government's involvement, not one site has been fully evaluated and fully remediated, and not one of the Defendants has been held accountable.

2

5.      Consequently, these radioactive solid wastes continue to emit radiation and therefore present or may present an imminent and substantial endangerment to human health or the environment at the properties where they were disposed of, many of which are private residences. In addition to the radiation-exposure risks, the continued presence of the radioactive solid wastes significantly impairs the use and enjoyment of, and significantly decreases the value of, the impacted properties.

6.      This action seeks to hold Defendants accountable, via "citizen suit" claims under the federal Resource Conservation and Recovery Act ("RCRA") and common law causes of action, for the harm that their radioactive solid wastes have caused and may cause to the present-day owners and occupants of some of the affected properties in Erie and Niagara Counties.

## JURISDICTION

7.      This Court has subject matter jurisdiction over Plaintiffs' RCRA claims pursuant to 42 U.S.C. § 6972.

8.      Venue for this action is proper in the United States District Court for the Western District of New York by virtue of 42 U.S.C. § 6972 and 28 U.S.C. § 1391 (a) and (b) because this dispute involves acts or omissions related to the disposal of wastes on real property located in Niagara County and Erie County, New York.

9.      This Court has jurisdiction over the common law claims herein pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## THE PARTIES

### *Plaintiffs*

10.     Talarico Bros. Building Corp. ("Talarico Bros.") is a New York State domestic business corporation with offices at 625 Center Street, Lewiston, New York and the owner of

3

real property located adjacent to 728-794 Upper Mountain Road, Lewiston, New York (SBL No. 115.08-1-27) (the "Talarico Bros. Property").

11.     Joseph Lozina, Sr. and Joseph Lozina, Jr. are residents of New York State and the occupant and owner, respectively, of a single-family home located at 728 Upper Mountain Road, Lewiston, New York (SBL No. 115.08-1-28) (the "Lozina Property").

12.     John Grace is a resident of New York State and the owner/occupant of a single-family home located at 738 Upper Mountain Road, Lewiston, New York (SBL No. 115.08-1-26) (the "Grace Property").

13.     The properties identified in paragraphs 10 through 12 above are collectively referred to herein as the "Upper Mountain Road Driveway Properties," and the Plaintiffs identified in those same paragraphs are collectively referred to herein as the "Upper Mountain Road Driveway Plaintiffs."

14.     Philip Palmeri is a resident of New York State and the owner/occupant of a single-family home located at 789 Upper Mountain Road, Lewiston, New York (SBL No. 115.08-1-13) (the "Palmeri Property").

15.     Mark and Theresa Schuler are residents of New York State and the owners/occupants of a single-family home located at 1011 Upper Mountain Road, Lewiston, New York (SBL No. 102.18-1-29) (the "Schuler Property").

16.     Constantino and Christine Argona are residents of New York State and the owners/occupants of a single-family home located at 1015 Upper Mountain Road, Lewiston, New York (SBL No. 102.18-1-30) (the "Argona Property").

17.     John Raymond is a resident of New York State and the owner/occupant of a single-family home located at 5374 Robert Street (sometimes identified as Roberts Street or

4

Roberts Avenue, but referred to herein as Robert Street), Lewiston, New York (SBL No. 115.15-1-20) (the "Raymond Property").

18.     Harold Wade is a resident of New York State and the owner/occupant of a single-family home located at 5380 Robert Street, Lewiston, New York (SBL No. 115.15-1-21) (the "Wade Property").

19.     Walter and Barbara Michaels are residents of New York State and the owners/occupants of a single-family home located at 5382 Robert Street, Lewiston, New York (SBL No. 115.15-1-22) (the "Michaels Property").

20.     The properties identified in paragraphs 17 through 19 above are collectively referred to herein as the "Robert Street Properties," and the Plaintiffs identified in those same paragraphs are collectively referred to herein as the "Robert Street Plaintiffs."

21.     Robert Ward and Betty Moticka are residents of New York State and the owners/occupants of a single-family home located at 4979 Creek Road, Lewiston, New York (SBL No. 101.16-1-58) (the "Ward/Moticka Property").

22.     The Wheelhouse, Inc. is a New York State domestic business corporation and Thomas and Deborah Harrison are residents of New York State, and they are the owners/operators of a commercial property comprising two parcels located at 3047 and 3049 Grand Island Boulevard, Grand Island, New York (SBL Nos. 23.02-3-61.1 and 23.02-3-63) (the "Wheelhouse Properties").

23.     Gary Ebersole is the owner/occupant of a single-family home located at 3050 Grand Island Boulevard, Grand Island, New York (SBL No. 23.02-3-67) and the owner of a single-family home and adjacent vacant/unnumbered parcel located at 3060 Grand Island

5

Boulevard, Grand Island, New York (SBL Nos. 23.02-3-66 and 23.02-3-65.1) (collectively, the "Ebersole Properties").

24.     Dietrick Brothers, Inc. is a New York State domestic business corporation and the owner of a commercial property located at 4601, 4609, and 4611 Military Road, Niagara Falls, New York (SBL Nos. 131.10-2-34, 131.10-2-35, and 131.10-2-36) (the "Dietrick Brothers Properties").

25.     Paul and Diane Ziuko are residents of New York State and the owners of a commercial property located at 4613 Military Road, Niagara Falls, New York (SBL No. 131.10-2-37) (the "Ziuko Property").

26.     8001 Buffalo Ave., Inc. is a New York State domestic business corporation and the owner of vacant properties located at 239, 245, and 255 (two parcels share the 245 address) Portage Road, Niagara Falls, New York (SBL Nos. 159.48-3-85.1, 159.48-3-85.3, 159.48-3-85.2, and 159.48-3-3) (collectively, the "8001 Buffalo Ave. Properties").

27.     9524 Niagara Falls Boulevard, LLC is a New York State domestic limited liability company and the owner of commercial property located at 9512 and 9524 Niagara Falls Boulevard, Niagara Falls, New York and three adjacent unnumbered parcels (SBL Nos. 161.06-3-15, 146.19-3-1, 146.18-2-4, 146.18-2-5, and 146.18-2-6).

28.     Bowlen Enterprises, Ltd. is a New York State domestic business corporation and the operator of a commercial property located at 9524 Niagara Falls Boulevard, Niagara Falls, New York (SBL No. 146.19-3-1).

29.     9540 NFB, LLC is a New York State domestic limited liability company and the owner of commercial property located at 9540 Niagara Falls Boulevard, Niagara Falls, New York and one adjacent unnumbered parcel (SBL Nos. 146.19-3-2 and 146.18-2-7).

6

30.     Greater Niagara Building Center Inc. is a New York State domestic business corporation and the operator of a commercial property located at 9540 Niagara Falls Boulevard, Niagara Falls, New York (SBL No. 146.19-3-2).

31.     Joseph C. Weber, Inc. is a New York State domestic business corporation and the owner of vacant property located at 9547 Niagara Falls Boulevard, Niagara Falls, New York and one adjacent unnumbered parcel (SBL Nos. 146.19-3-3 and 146.18-1-17).

32.     The properties identified in paragraphs 27 through 31 above are collectively referred to herein as the "Niagara Falls Boulevard Properties," and the Plaintiffs identified in those same paragraphs are collectively referred to herein as the "Niagara Falls Boulevard Plaintiffs."

### *Defendants*

33.     Upon information and belief, Union Carbide Corporation is a New York State domestic business corporation with an office located at 7501 State Highway 185 North, Seadrift, Texas, and is the corporate successor to Electro Metallurgical Company, sometimes referred to as Electro-Metallurgical Company, Electrometallurgical Company, or Electromet (collectively, the "Union Carbide Defendants").

34.     Upon information and belief, Occidental Chemical Corporation is a New York State domestic business corporation with an office located at 500 LBJ Freeway, Dallas, Texas. Occidental Chemical Corporation was known as Hooker Chemical Corporation, Hooker Electrochemical Company, and Hooker Chemicals & Plastics Corp., which entities were sometimes referred to as Hooker Chemical or Hooker. Occidental Chemical Corporation is the corporate successor to Oldbury Electro-Chemical Company, sometimes referred to as Oldbury Electrochemical Company, Oldbury Electrochemical, or Oldbury. Occidental Chemical

7

Corporation, its aliases and its corporate predecessor, all as referenced in this paragraph, are referred to collectively herein as the "Occidental Defendants."

35.     Upon information and belief, Bayer Cropscience Inc. ("Bayer Cropscience") is a New York State domestic business corporation with an office located at 2 TW Alexander Drive, Research Triangle Park, North Carolina. Bayer Cropscience is the corporate successor to Stauffer Chemical Company, which was sometimes referred to as Stauffer Chemical ("Stauffer Chemical").

## STATEMENT OF FACTS

### *The Impacted Properties and the Harm to Plaintiffs*

36.     Each Plaintiff owns and/or occupies real property in Niagara County or Erie County, New York (each a "Plaintiff Property," collectively the "Plaintiff Properties") where elevated levels of radiation have been identified.

37.     The radiation is attributable to certain radioactive isotopes, including but not limited to isotopes in the Radium 226 ("Ra-226"), Uranium 238 ("U-238"), and/or Thorium 232 ("Th-232") decay chains, which are present in the radioactive solid wastes on the Plaintiff Properties.

38.     Radiological evaluations performed by or on behalf of the United States Department of Energy and other federal and New York State agencies during the 1970s and 1980s identified more than 100 properties with elevated levels of radiation in Erie County and Niagara County. Numerous reports summarizing the results of the evaluations were prepared by or on behalf of the respective government agencies. One of the reports, authored by Oak Ridge National Laboratory in 1986 (the "Oak Ridge Report"), identifies the Grace Property, the Palmeri Property, the Schuler Property, the Ward/Moticka Property, the Ebersole Properties, the

8

Dietrick Brothers Properties, the Ziuko Property, and the 8001 Buffalo Ave. Properties, among dozens of other impacted properties.

39.     The radioactive solid wastes identified in the Oak Ridge Report as being located at the Grace Property are actually located primarily at the Talarico Bros. Property, but there are also radioactive solid wastes on portions of the Grace Property, which abuts the Talarico Bros. Property. There also are radioactive solid wastes in an area that is, upon information and belief, located along the property line between the Talarico Bros. Property and the adjacent Lozina Property.

40.     There are radioactive solid wastes on portions of the Argona Property that are adjacent to the radioactive solid wastes on the Schuler Property.

41.     Several other government reports and related correspondence identify elevated radiation levels at the Niagara Falls Boulevard Properties.

42.     Recent radiological evaluations by the United States Environmental Protection Agency ("USEPA") have identified elevated levels of radiation at the Upper Mountain Road Driveway Properties, the Robert Street Properties, and the Niagara Falls Boulevard Properties.

43.     Investigations into the environmental conditions at the following Plaintiff Properties were recently conducted on behalf of Plaintiffs: the Talarico Bros. Property, the Lozina Property, the Grace Property, the Schuler Property, the Argona Property, the Raymond Property, the Michaels Property, the Wheelhouse Properties, the Ebersole Properties, and the 8001 Buffalo Ave. Properties. These investigations confirmed the presence of elevated levels of gamma radiation in certain areas at each of the Plaintiff Properties that were evaluated, with the possible exception of the Lozina Property (where elevated levels of gamma radiation were found in an area that is, upon information and belief, along the property line with the adjacent Talarico

9

Bros. Property). The gamma radiation is attributable to radioactive solid wastes at or below the ground surface that present or may present an imminent and substantial endangerment to human health or the environment.

44.     The USEPA has already formally determined that the radioactive solid waste at the Niagara Falls Boulevard Properties "may present an imminent and substantial endangerment to public health, welfare, or the environment." Upon information and belief, the USEPA has informally made that same determination with respect to the radioactive solid wastes at the Robert Street Properties.  And in other parts of the country, the USEPA has determined that the types of radioactive slag and other radioactive solid wastes at issue in this matter "may present an imminent and substantial endangerment to public health or the environment."

45.     Upon information and belief, the radioactive solid wastes at the other Plaintiff Properties are the same as or very similar to the radioactive solid wastes at the Niagara Falls Boulevard Properties and the out-of-area locations where the USEPA has made "imminent and substantial endangerment" determinations.

46.     Because of the radiological impacts to the Plaintiff Properties, Plaintiffs and others visiting or occupying the Plaintiff Properties have been and are currently being exposed to doses of radiation that increase their risk for adverse health effects, which have resulted or may result in additional damages. At the very least, the radiological impacts and attendant health risk warrant medical monitoring.

47.     Because of the radiological impacts to the Plaintiff Properties, Plaintiffs have suffered, are suffering, and will suffer substantial injury in the form of, among other damages, decreased property values, stigma damages, medical monitoring costs, impairment of the use and

enjoyment of the Plaintiff Properties, and investigation and cleanup costs that likely will exceed the value of their properties.

### The Origins of the Radioactive Solid Wastes

48.     Defendants historically operated industrial facilities in Niagara County that generated radioactive solid wastes as byproducts of industrial production processes.

49.     Upon information and belief, Defendants generated the radioactive solid wastes that were disposed of on the Plaintiff Properties beginning at least as early as 1940 and continuing through the 1970s.

50.     The Union Carbide Defendants generated radioactive solid wastes as byproducts of the production of pure metals, alloys, and other compounds containing uranium, thorium, zirconium, vanadium, niobium (also known as columbium), tantalum, and/or rare earth metals at a Niagara Falls, New York plant prior to, during, and after the period when the radioactive solid wastes were disposed of on the Plaintiff Properties.

51.     Documentation prepared by or otherwise in the possession of government agencies indicates that radioactive solid wastes from the Union Carbide Defendants' Niagara Falls, New York plant is present at properties in the Niagara Falls, New York area, including the Niagara Falls Boulevard Properties and the Holy Trinity Cemetery in Lewiston, New York, which is across the street from the Robert Street Properties and within a mile of four other Plaintiff Properties (i.e., the three Upper Mountain Road Driveway Properties and the Palmeri Property).

52.     The Occidental Defendants generated radioactive slag as a byproduct of the production of elemental phosphorous at a Niagara Falls, New York plant prior to, during, and after the period when the radioactive solid wastes were disposed of on the Plaintiff Properties.

6179317_4

53.     The Oak Ridge Report and other documentation prepared by or otherwise in the possession of government agencies indicate that the radioactive solid wastes present at properties in the Niagara Falls area, including several of the Plaintiff Properties, are phosphate slag wastes generated by the Occidental Defendants.

54.     Stauffer Chemical generated radioactive solid wastes as byproducts of the production of compounds containing niobium, tantalum, zirconium, and/or rare earth metals at a Lewiston, New York plant during the period when the radioactive solid wastes were disposed of on the Plaintiff Properties.

55.     Stauffer Chemical's Lewiston, New York plant was located less than 2,000 feet from the Robert Street Properties and within a mile of four other Plaintiff Properties (i.e., the three Upper Mountain Road Driveway Properties and the Palmeri Property).

56.     During the period when the radioactive solid wastes were disposed of on the Plaintiff Properties, Defendants knew or should have known of the presence of naturally occurring radioactive elements in the ores and/or other materials they were processing.

57.     During the period when the radioactive solid wastes were disposed of on the Plaintiff Properties, Defendants knew or should have known that the byproducts and solid wastes they were generating had elevated levels of radioactivity (e.g., gamma radiation, alpha/beta particles, etc.).

58.     Upon information and belief, prior to, during, and after the period when the radioactive solid wastes were disposed of on the Plaintiff Properties, the Union Carbide Defendants had one or more radioactive materials licenses from the federal and/or New York State government to allow for the receipt, possession, and use of ores, and for the storage and

12

disposal of slag containing uranium and thorium. Thus, the Union Carbide Defendants knew that slag they were generating had elevated levels of radioactivity.

59.     During the period when the radioactive solid wastes were disposed of on the Plaintiff Properties, the Occidental Defendants knew or should have known of the presence of naturally occurring radioactive materials in the phosphate ores and/or other materials they processed in the production of elemental phosphorus.

60.     During the period when the radioactive solid wastes were disposed of on the Plaintiff Properties, Stauffer Chemical knew or should have known of the presence of naturally occurring radioactive elements in the ores and/or other materials it processed for the production of niobium, tantalum, zirconium, and/or rare earth metals compounds.

61.     Upon information and belief, Defendants and/or their representatives, agents, and/or contractors transported the radioactive solid wastes to the Plaintiff Properties and/or transferred the radioactive solid wastes to one or more third parties who transported the radioactive solid wastes to the Plaintiff Properties. In this way, the radioactive solid wastes were improperly and indiscriminately disposed of, with gross recklessness and deliberate disregard for the rights of others in the community, which resulted in the radiological impacts to the Plaintiff Properties.

62.     Plaintiffs did not cause or contribute to the presence of radioactive solid wastes on the Plaintiff Properties. Upon information and belief, Defendants did.

### *Involvement and Inaction by Government Agencies*

63.     Since the 1970s, numerous reports prepared by or on behalf of government agencies have identified elevated levels of radiation at more than 100 properties in the Niagara region, including many of the Plaintiff Properties, such as: the address of the Grace Property (but

note the discussion in paragraph 39 regarding the adjacent Talarico Bros. Property and Lozina

Property); the Palmeri Property; the address of the Schuler Property (and note, as stated in

paragraph 40, that the Argona Property is adjacent); the Ward/Moticka Property; the Robert

Street Properties; two of the addresses comprising the Niagara Falls Boulevard Properties; one of

the addresses comprising the Dietrick Brothers Properties; the Ziuko Property; an address range

corresponding to the 8001 Buffalo Ave. Properties; and two of the addresses comprising the

Ebersole Properties. According to those reports, the source of the radiation was generally

believed to be radioactive slag and/or similar radioactive solid wastes from industrial production.

Some of the reports and related correspondence included recommendations for further

investigation at the impacted properties to evaluate the risks posed by the radioactive solid

wastes. Several government documents recommended removal of the radioactive solid wastes at

the Niagara Falls Boulevard Properties.

64.     Over the past 40 years, various government agencies have conducted limited

follow-up evaluations at a handful of the impacted properties identified in the reports. Yet no

follow-up investigations have been conducted at the vast majority of the impacted properties, and

none of those properties has been cleaned up. In short, the state and federal governments have

failed to address this problem, despite their own recommendations for further evaluation and

despite the acknowledged risks posed by the radioactive solid wastes.

65.     More recently, the USEPA initiated radiological screening and evaluation

activities at the Upper Mountain Road Driveway Properties, the Robert Street Properties, and the

Niagara Falls Boulevard Properties. The USEPA also removed radioactive solid waste from two

discrete areas at the Niagara Falls Boulevard Properties, but a significant volume of the waste

remains at the site, and it will cost millions of dollars to complete the clean-up. Due to budgetary

14

constraints, the USEPA has ceased further investigation and clean-up efforts, has demobilized

from the Niagara Falls area, and has advised the owners of the impacted Plaintiff Properties that

it has no definite plan or timetable for resuming the work.

66.     Thus, the Upper Mountain Road Driveway Plaintiffs, the Robert Street Plaintiffs,

and the Niagara Falls Boulevard Plaintiffs are in limbo, and the continued presence of the

radioactive solid wastes, combined with the uncertainty regarding future USEPA involvement (if

any), significantly impairs their ability to use, enjoy, improve, develop, market, sell, or conduct

business at their own properties. The other Plaintiffs are also in limbo due to decades of

government inaction and the continued presence of the radioactive solid wastes on their

properties.

67.     Notwithstanding the USEPA's cessation of work and the decades of inaction by

other government agencies, the USEPA has formally determined that the radioactive solid waste

at the Niagara Falls Boulevard Properties "may present an imminent and substantial

endangerment to public health, welfare, or the environment," and, upon information and belief,

the USEPA has informally made that same determination with respect to the radioactive solid

waste at the Robert Street Properties. And the USEPA has elsewhere made the same "imminent

and substantial endangerment" determination in very similar contexts involving the same types

of radioactive solid wastes as are found on the other Plaintiff Properties.

68.     The regulatory status of radioactive solid wastes in New York State illustrates the

serious harm, apart from the health risks associated with radiation, that the wastes cause to

Plaintiffs. Under the applicable New York State regulatory scheme (pursuant to 6 NYCRR Part

380 and the state's solid waste landfill licensing authority pursuant to 6 NYCRR Part 360), if

wastes containing "technologically enhanced naturally occurring radioactive materials" (such as

the radioactive solid wastes at all of the Plaintiff Properties) are excavated for any reason, they cannot be disposed of lawfully in New York State. They must be shipped out of state for disposal, thus dramatically increasing disposal costs. This regulatory restriction effectively blocks any activities at the Plaintiff Properties that would involve handling or excavating the radioactive solid wastes, even relatively routine activities such as replacement of driveways or parking lots, work on utilities, building improvements, and site development or redevelopment.

## FIRST CAUSE OF ACTION
### *RCRA, 42 U.S.C. § 6972(a)(1)(B)*

69.     Plaintiffs repeat and reallege each allegation set forth above.

70.     This is an action pursuant to the "citizen suit" provision of RCRA at 42 U.S.C. § 6972(a)(1)(B).

71.     Pursuant to 42 U.S.C. § 6972(a)(1)(B), any person (defined to include corporations and partnerships), including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed to or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste that may present an imminent and substantial endangerment to health or the environment is liable for damages caused by such solid or hazardous waste.

72.     Defendants are persons as defined at 42 U.S.C. § 6903(15).

73.     Upon information and belief, one or more Defendants generated the radioactive solid wastes that were disposed of on the Plaintiff Properties.

74.     The radioactive solid wastes disposed of on the Plaintiff Properties are a solid waste as defined at 42 U.S.C. § 6903(27).

75.    Upon information and belief, one or more Defendants contributed to the transportation and/or disposal of the radioactive solid wastes present on the Plaintiff Properties.

76.    The radioactive solid wastes that were disposed of on the Plaintiff Properties present or may present an imminent and substantial endangerment to human health or the environment.

77.    All Plaintiffs, except the Niagara Falls Boulevard Plaintiffs and Betty Moticka, served notice of this action on the Administrator and Regional Administrator (Region 2) of the USEPA, the Commissioner and Director of the Division of Materials Management of the New York State Department of Environmental Conservation, and all Defendants except Bayer Cropscience by registered U.S. mail on or about May 10, 2017, and thus have fulfilled the notice requirement set forth at 42 U.S.C. § 6972(b)(2)(A). In response to new information received after the May 10, 2017 notice, all Plaintiffs, except the Niagara Falls Boulevard Plaintiffs and Betty Moticka, served an amended notice on all of the same recipients and Bayer Cropscience by registered U.S. mail on or about May 30, 2017. A copy of the amended notice, which includes a copy of the original notice as an exhibit, is attached hereto as Exhibit "A".

78.    The Niagara Falls Boulevard Plaintiffs and Betty Moticka recently served notice of their intent to bring a RCRA citizen suit on the recipients listed in paragraph 77 above (including Bayer Cropscience) pursuant to 42 U.S.C. § 6972(b)(2)(A), and intend to file an Amended Complaint asserting a RCRA citizen suit cause of action after the statutorily required 90-day period has elapsed.

## SECOND CAUSE OF ACTION
### *Strict Liability Based on Ultrahazardous/Abnormally Dangerous Activity*

79.    Plaintiffs repeat and reallege each allegation set forth above.

17

80.     The generation of radioactive solid wastes from industrial operations involving the handling and processing of radioactive ores and/or other radioactive materials, the indiscriminate transfer of such radioactive solid wastes to third parties (via gift or otherwise), and/or the indiscriminate disposal of such radioactive solid wastes in a manner that poses an inherent and ongoing danger to human health and the environment, constitutes an ultrahazardous and/or abnormally dangerous activity for which the generators, transferors, and those who dispose of the material or cause its disposal are strictly liable.

81.     Due to the ultrahazardous and/or abnormally dangerous nature of the activity engaged in by Defendants and described herein, Defendants are strictly liable to Plaintiffs for all direct and indirect damages resulting therefrom, including the ongoing presence of the radioactive solid wastes.

### THIRD CAUSE OF ACTION
### *Negligence*

82.     Plaintiffs repeat and reallege each allegation set forth above.

83.     Defendants owed a duty to the general public and to the present-day and future owners of all potentially affected real property to exercise reasonable care in preventing the disposal of radioactive solid wastes in a manner that would pose a danger to human health or the environment.

84.     Upon information and belief, Defendants negligently, carelessly, recklessly, and with gross recklessness and deliberate disregard for the interests of others in the community, breached their duty by disposing of or causing the disposal of radioactive solid wastes in a manner that posed a danger to human health and the environment.

6179317_4

85.     Upon information and belief, Defendants' negligent acts and/or omissions have resulted in the radiological impacts to the Plaintiff Properties and human health risks associated with elevated levels of radiation, causing Plaintiffs substantial injury.

86.     Upon information and belief, Defendants' negligent acts and/or omissions and the ongoing presence of the radioactive solid wastes resulting therefrom are the actual and proximate cause of all of Plaintiffs' direct and indirect damages as alleged herein.

## FOURTH CAUSE OF ACTION
### *Private Nuisance*

87.     Plaintiffs repeat and reallege each allegation set forth above.

88.     The continued presence of radioactive solid wastes has created a substantial interference with Plaintiffs' right to use and enjoyment of the Plaintiff Properties.

89.     Upon information and belief, Defendants generated the radioactive solid wastes currently present on the Plaintiff Properties and intentionally disposed of them or intentionally caused their disposal by transferring them to third parties via gift or otherwise.

90.     The generation, transfer to third parties, and disposal of radioactive solid wastes under the circumstances described herein constitute a private nuisance because each is an ultrahazardous or abnormally dangerous activity for which Defendants are strictly liable for all direct and indirect damages resulting therefrom.

91.     Alternatively, if the generation, transfer to third parties, and disposal of radioactive solid wastes under the circumstances described herein are not ultrahazardous or abnormally dangerous activities, Defendants nonetheless acted negligently, recklessly, or intentionally and unreasonably, and with gross recklessness and deliberate disregard for the interests of others in the community, by failing to ensure that radioactive solid wastes they

generated were disposed of in a manner that did not pose a danger to human health and the environment.

92.     Upon information and belief, Defendants' acts and/or omissions with respect to the radioactive solid wastes caused the substantial interference with Plaintiffs' right to use and enjoyment of the Plaintiff Properties.

93.     Upon information and belief, Defendants' acts and/or omissions created a continuing and ongoing private nuisance resulting in all direct and indirect damages to Plaintiffs as alleged herein.

## FIFTH CAUSE OF ACTION
### *Public Nuisance*

94.     Plaintiffs repeat and reallege each allegation set forth above.

95.     By failing to ensure that radioactive solid wastes they generated were disposed of in a manner that did not pose a danger to human health and the environment, Defendants endangered the health, safety, and comfort of the general public, and in particular any persons owning or occupying any property where the radioactive solid wastes were disposed of.

96.     Upon information and belief, Defendants' acts or omissions as alleged herein caused substantial interference with the exercise of the common right of the public to be free from human health risks associated with elevated levels of radiation, thus harming the public at large.

97.     Plaintiffs, by virtue of their status as owners or occupants of the Plaintiff Properties, suffered a special injury, different in both kind and degree from the public harm, including all of the direct and indirect damages alleged herein.

98.     Upon information and belief, Defendants' acts or omissions created a continuing and ongoing public nuisance resulting in damages to Plaintiffs as alleged herein.

6179317_4

## SIXTH CAUSE OF ACTION
### *Trespass*

99.     Plaintiffs repeat and reallege each allegation set forth above.

100.    Upon information and belief, Defendants intentionally transported the radioactive solid wastes to, and disposed of the radioactive solid wastes at, the Plaintiff Properties and/or intentionally transferred the radioactive solid wastes to one or more third parties who transported the radioactive solid wastes to, and disposed of the radioactive solid wastes at, the Plaintiff Properties, with the immediate and inevitable consequence, in either scenario, being the unauthorized invasion of the Plaintiff Properties as a result of the radiological impacts associated with the radioactive solid wastes.

101.    The intentional acts of Defendants that resulted in the unauthorized invasion of the Plaintiff Properties have interfered with Plaintiffs' exclusive possessory rights and other property rights in the Plaintiff Properties.

102.    Because the radioactive solid wastes remain on the Plaintiff Properties, the trespass and the interference with Plaintiffs' property rights are continuing and ongoing.

### JURY DEMAND

103.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.


WHEREFORE, Plaintiffs request that this Court award judgment in their favor and against Defendants as follows:

       a.      Injunctive relief as authorized under RCRA at 42 U.S.C. § 6972(a)(2),

                including but not limited to an order requiring Defendants to fully evaluate

each Plaintiff Property and, where necessary, remove any and all

radioactive solid wastes identified at each Plaintiff Property;

b.      Attorneys' fees and all costs of this litigation as authorized under RCRA at

42 U.S.C. § 6972(e);

c.      Judgment for monetary damages in an amount to be proven at trial, jointly

and severally against each Defendant;

d.      Judgment for additional monetary damages reflecting the future cost of

long-term medical monitoring to evaluate health risks associated with

exposure to radioactive solid wastes at the Plaintiff Properties;

e.      Judgment for punitive damages in an amount to be proven at trial; and

f.      Such other and further relief as this Court deems just and proper.


Dated:  October 16, 2017                           HARTER SECREST & EMERY LLP
        Buffalo, New York

                                                   s/ John G. Horn_____
                                                   John G. Horn, Esq.
                                                   Paul D. Sylvestri, Esq.
                                                   Thomas M. Tuori, Esq.
                                                   Gregory P. Scholand, Esq.
                                                   *Attorneys for Plaintiffs*
                                                   50 Fountain Plaza, Suite 1000
                                                   Buffalo, New York 14202
                                                   716-853-1616

                                                   THE STAMM LAW FIRM

                                                   s/ Brian G. Stamm_____
                                                   Brian G. Stamm, Esq.
                                                   Bradley J. Stamm, Esq.
                                                   *Attorney for Plaintiffs*
                                                   1127 Wehrle Drive, Suite 100
                                                   Williamsville, NY 14221
                                                   716-259-1626

22

# EXHIBIT A



# Harter Secrest & Emery LLP

### ATTORNEYS AND COUNSELORS

WWW.HSELAW.COM

May 30, 2017

<u>**VIA REGISTERED AND CERTIFIED U.S. MAIL AS NOTED ON EXHIBIT A**</u>

To: Recipients identified in Exhibit A attached hereto

**Re:    AMENDED Notice of Intent to File a "Citizen Suit" Pursuant to 42 U.S.C.
§ 6972(a)(1)(B) (Resource Conservation and Recovery Act)**

Dear Sir or Madam:

As legal representatives of the Plaintiffs, attorneys Harter Secrest & Emery LLP and The Stamm Law Firm hereby provide this amendment (the "Amended Notice") to that certain notice, dated May 10, 2017 (the "Original Notice", a copy of which is attached), pursuant to sections 6972(a)(1)(B) and 6972(b)(2)(A) of the Resource Conservation and Recovery Act ("RCRA", 42 U.S.C. 6901 et seq.). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Original Notice. The purpose of this Amended Notice is to add Bayer Cropscience Inc. as a Defendant and to provide Bayer Cropscience Inc. with notice of the Plaintiffs' intent to commence a RCRA citizen suit, as set forth in the Original Notice.

Paragraph 3 of the Original Notice is hereby deleted in its entirety and restated as follows:

3.    Defendant Stauffer Management Company LLC is a Delaware Limited Liability Company, Defendant Stauffer Management Company is a Delaware Corporation, Defendant Zeneca, Inc. is a Delaware Corporation, Defendant Astrazeneca LP is a Delaware Limited Partnership, and each has an office located at 1800 Concord Pike, Wilmington, Delaware. Defendant Bayer Cropscience Inc. is a New York State domestic business corporation with an office located at 2 TW Alexander Drive, Research Triangle Park, North Carolina. One or more of these Defendants is the corporate successor of Stauffer Chemical Company, which was sometimes referred to as Stauffer Chemical ("Stauffer"). Stauffer owned and/or operated a facility at or in the vicinity of a site with the present-day address of 5715 Lewiston Road in the Town of Lewiston prior to, during, and after the period when the radioactive solid wastes were disposed of at the Plaintiff Properties. The Stauffer facility generated radioactive solid wastes as byproducts of the production of compounds containing niobium, tantalum, and/or rare earth metals.

An amended Exhibit A is attached, and it includes the following new recipients:

Bayer Cropscience Inc. [via Certified Mail]
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

May 30, 2017
Page 2

> Bayer Cropscience Inc. [via Registered Mail]
> 2 TW Alexander Drive
> Research Triangle Park, NC  27709

In addition, the address we used for Union Carbide Corporation in Seadrift, Texas[1] on Exhibit A to the Original Notice was not recognized by the United States Postal Service as a valid mailing address, and thus the Original Notice was returned as undeliverable. We have updated Exhibit A to replace the address for Union Carbide Corporation that was in the Original Notice with a mailing address that we obtained from the Union Carbide Corporation website. The amended Exhibit A includes the following revised entries for Union Carbide Corporation:

> Union Carbide Corporation
> P. O. Box 186
> Port Lavaca, TX  77979-0186

> Union Carbide Corporation
> Attention: Legal Department
> P. O. Box 186
> Port Lavaca, TX  77979-0186

All other information in the Original Notice remains unchanged.

As noted above, the Plaintiffs are represented by attorneys Harter Secrest & Emery LLP, 50 Fountain Plaza, Suite 1000, Buffalo, NY 14202 (716-853-1616), and The Stamm Law Firm, 1127 Wehrle Drive, Suite 100, Williamsville, NY 14221 (716-631-5767). While we provided contact information for the Plaintiffs in Exhibit B to the Original Notice, all communications related to this matter should be directed to me.

Please contact me if you require any further information.

Very truly yours,

Harter Secrest & Emery LLP

John G. Horn

John G. Horn
DIRECT DIAL  716-844-3728
EMAIL JHORN@HSELAW.COM

cc:   The Stamm Law Firm
      J. Wylie Donald, McCarter & English, LLP [via email: JDonald@McCarter.com]
      Chintan Amin, Bayer Corporation [via Certified Mail: 100 Bayer Road, Building 5, Pittsburgh, PA 15205-9741]

---

[1] We obtained the address from the "Corporation and Business Entity Database" maintained by the New York State Department of State.

May 30, 2017
Page 3

## Amended Exhibit A: Recipients of Notice Letter

UNION CARBIDE CORPORATION  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

UNION CARBIDE CORPORATION  [VIA REGISTERED MAIL]
P. O. BOX 186
PORT LAVACA, TX 77979-0186

UNION CARBIDE CORPORATION  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
P. O. BOX 186
PORT LAVACA, TX 77979-0186

OCCIDENTAL CHEMICAL CORPORATION  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

OCCIDENTAL CHEMICAL CORPORATION  [VIA REGISTERED MAIL]
5005 LBJ FREEWAY
DALLAS, TX 75244

OCCIDENTAL CHEMICAL CORPORATION  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
5005 LBJ FREEWAY
DALLAS, TX 75244

OCCIDENTAL CHEMICAL CORPORATION  [VIA REGISTERED MAIL]
ATTENTION: PLANT MANAGER
4700 BUFFALO AVENUE
NIAGARA FALLS, NY 14304

BAYER CROPSCIENCE INC. [VIA CERTIFIED MAIL]
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

BAYER CROPSCIENCE INC. [VIA REGISTERED MAIL]
2 TW ALEXANDER DRIVE
RESEARCH TRIANGLE PARK, NC  27709

May 30, 2017
Page 4

STAUFFER MANAGEMENT COMPANY LLC  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19850

STAUFFER MANAGEMENT COMPANY LLC  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19850

STAUFFER MANAGEMENT COMPANY  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19850

STAUFFER MANAGEMENT COMPANY  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19850

ZENECA, INC.  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY, 10011

ZENECA, INC.  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19803

ZENECA, INC.  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19803

ASTRAZENECA LP  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY, 10011

ASTRAZENECA LP  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19803

ASTRAZENECA LP  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19803

May 30, 2017
Page 5

ADMINISTRATOR  [VIA CERTIFIED MAIL]
U.S. ENVIRONMENTAL PROTECTION AGENCY
1200 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20460

REGIONAL ADMINISTRATOR  [VIA CERTIFIED MAIL]
U.S. ENVIRONMENTAL PROTECTION AGENCY
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

COMMISSIONER  [VIA CERTIFIED MAIL]
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
625 BROADWAY
ALBANY, NY 12233

DIRECTOR, DIVISION OF ENVIRONMENTAL REMEDIATION  [VIA CERTIFIED MAIL]
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
625 BROADWAY
ALBANY, NY 12233

May 30, 2017
Page 6

**<u>Copy of May 10, 2017 Original Notice</u>**



**Harter Secrest & Emery LLP**

ATTORNEYS AND COUNSELORS

WWW.HSELAW.COM

May 10, 2017

## VIA REGISTERED AND CERTIFIED U.S. MAIL AS NOTED ON EXHIBIT A

To: Recipients identified in Exhibit A attached hereto

> Re:   Notice of Intent to File a "Citizen Suit" Pursuant to 42 U.S.C. § 6972(a)(1)(B)
> (Resource Conservation and Recovery Act)

Dear Sir or Madam:

As legal representatives of the plaintiffs listed in Exhibit B attached hereto (collectively, the "Plaintiffs"), attorneys Harter Secrest & Emery LLP and The Stamm Law Firm hereby provide notice pursuant to 42 U.S.C. §§ 6972(a)(1)(B) and 6972(b)(2)(A) prior to commencement of a "citizen suit" under the Resource Conservation and Recovery Act ("RCRA," 42 U.S.C. § 6901 *et seq.*) against the defendants identified in paragraphs 1 through 3 below (collectively, the "Defendants"). The Plaintiffs are owners and/or occupants of certain parcels of real property (the "Plaintiff Properties") in Erie County and Niagara County, New York, where radioactive solid wastes which may present an imminent and substantial endangerment to health or the environment were disposed of. Many of the Plaintiff Properties are private residences or are located in or adjacent to residential areas. Upon information and belief, Defendants generated radioactive solid wastes during the 1950s and 1960s and perhaps at other times, and indiscriminately disposed of the solid wastes—and/or transferred the solid wastes to third parties who disposed of them—at the Plaintiff Properties and at numerous other properties in the Niagara region.

RCRA allows any person to bring an action against "any person, . . . including any past or present generator, . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

In their citizen suit pursuant to 42 U.S.C. § 6972(a)(1)(B), the Plaintiffs intend to allege as follows:

1. Defendant Union Carbide Corporation is a New York State domestic business corporation with an office located at 7501 State Highway 185 North, Seadrift, Texas, and is the corporate successor to Electro Metallurgical Company, sometimes referred to as Electro-Metallurgical Company, Electrometallurgical Company, or Electromet (collectively, the "Union Carbide Defendants"). The Union Carbide Defendants owned and/or operated a facility located at 47th Street and Royal Avenue in Niagara Falls, New

50 FOUNTAIN PLAZA, SUITE 1000   BUFFALO, NY 14202-2293   PHONE: 716.853.1616   FAX: 716.853.1617

ROCHESTER, NY • BUFFALO, NY • ALBANY, NY • CORNING, NY • NEW YORK, NY

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 2

York prior to, during, and after the period when the radioactive solid wastes were disposed of at the Plaintiff Properties. The Union Carbide Defendants' facility generated radioactive solid wastes as byproducts of the production of pure metals, alloys, and other compounds containing uranium, thorium, zirconium, vanadium, niobium (also known as columbium), tantalum, and/or other metals and rare earth metals.

2. Defendant Occidental Chemical Corporation ("Occidental") is a New York State domestic business corporation with an office located at 5005 LBJ Freeway, Dallas, Texas, and was formerly known as Hooker Chemical Corporation, Hooker Electrochemical Company, and/or Hooker Chemicals & Plastics Corp., which entities were sometimes referred to as Hooker Chemical or Hooker, and is also the corporate successor to Oldbury Electro-Chemical Company, sometimes referred to as Oldbury Electrochemical Company, Oldbury Electrochemical, or Oldbury (collectively, the "Occidental Defendants"). The Occidental Defendants owned and/or operated a facility located on Buffalo Avenue in Niagara Falls, New York prior to, during, and after the period when the radioactive solid wastes were disposed of at the Plaintiff Properties. The Occidental Defendants' facility generated radioactive solid wastes as byproducts of the production of elemental phosphorous.

3. Defendant Stauffer Management Company LLC is a Delaware Limited Liability Company, Defendant Stauffer Management Company is a Delaware Corporation, Defendant Zeneca, Inc. is a Delaware Corporation, and Defendant Astrazeneca LP is a Delaware Limited Partnership. Each of these Defendants has an office located at 1800 Concord Pike, Wilmington, Delaware, and one or more of them is the corporate successor of Stauffer Chemical Company, which was sometimes referred to as Stauffer Chemical ("Stauffer"). Stauffer owned and/or operated a facility at or in the vicinity of a site with the present-day address of 5715 Lewiston Road in the Town of Lewiston prior to, during, and after the period when the radioactive solid wastes were disposed of at the Plaintiff Properties. The Stauffer facility generated radioactive solid wastes as byproducts of the production of compounds containing niobium, tantalum, and/or rare earth metals.

4. The radioactive solid wastes at the Plaintiff Properties were generated by the Union Carbide Defendants, the Occidental Defendants, and/or Stauffer, as described in paragraphs 1 through 3 above. The Occidental Defendants, the Union Carbide Defendants, and/or Stauffer indiscriminately disposed of the radioactive solid wastes and/or transferred them to third parties for disposal or use as fill or aggregate in the Niagara region during the 1950s and 1960s and perhaps at other times. These radioactive solid wastes included but were not limited to slag (a fragmented rock- or cinder-like aggregate material) with radioactive properties. The radioactive solid wastes are typically, but not exclusively, located in paved and/or gravel areas at the Plaintiff Properties, where they were used as a substitute for conventional aggregate materials.

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 3

There are elevated levels of radioactivity at each of the Plaintiff Properties and the radioactivity has the reasonable potential to cause harm to people and/or the environment. The radioactivity is attributable to the presence of certain radioactive isotopes in the radioactive solid waste, including but not limited to isotopes in the Radium 226 ("Ra-226"), Uranium 238 ("U-238"), and/or Thorium 232 ("Th-232") decay chains. In very similar contexts involving the same or very similar radioactive solid wastes, the United States Environmental Protection Agency has determined that the slag and/or other radioactive solid wastes at issue posed an "imminent and substantial endangerment to health or the environment."

The Plaintiffs will seek injunctive relief to compel the Defendants to fully evaluate and, where necessary, remediate each of the Plaintiff Properties, and they will seek attorneys' fees and other costs related to this litigation.

As noted above, the Plaintiffs are represented by attorneys Harter Secrest & Emery LLP, 50 Fountain Plaza, Suite 1000, Buffalo, NY 14202 (716-853-1616), and The Stamm Law Firm, 1127 Wehrle Drive, Suite 100, Williamsville, NY 14221 (716-631-5767). While we have provided contact information for the Plaintiffs in Exhibit B attached hereto, all communications related to this matter should be directed to John G. Horn, Esq., of Harter Secrest & Emery LLP (716-844-3728, JHorn@hselaw.com).

Please contact me if you require any further information.

Very truly yours,

Harter Secrest & Emery LLP

John G. Horn
DIRECT DIAL  716-844-3728
EMAIL  JHORN@HSELAW.COM

cc:     The Stamm Law Firm

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 4

## Exhibit A: Recipients of Notice Letter

UNION CARBIDE CORPORATION  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

UNION CARBIDE CORPORATION  [VIA REGISTERED MAIL]
7501 STATE HIGHWAY 185 NORTH
SEADRIFT, TX 77983

UNION CARBIDE CORPORATION  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
7501 STATE HIGHWAY 185 NORTH
SEADRIFT, TX 77983

OCCIDENTAL CHEMICAL CORPORATION  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

OCCIDENTAL CHEMICAL CORPORATION  [VIA REGISTERED MAIL]
5005 LBJ FREEWAY
DALLAS, TX 75244

OCCIDENTAL CHEMICAL CORPORATION  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
5005 LBJ FREEWAY
DALLAS, TX 75244

OCCIDENTAL CHEMICAL CORPORATION  [VIA REGISTERED MAIL]
ATTENTION: PLANT MANAGER
4700 BUFFALO AVENUE
NIAGARA FALLS, NY 14304

STAUFFER MANAGEMENT COMPANY LLC  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19850

STAUFFER MANAGEMENT COMPANY LLC  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19850

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 5

STAUFFER MANAGEMENT COMPANY  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19850

STAUFFER MANAGEMENT COMPANY  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19850

ZENECA, INC.  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY, 10011

ZENECA, INC.  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19803

ZENECA, INC.  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19803

ASTRAZENECA LP  [VIA CERTIFIED MAIL]
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY, 10011

ASTRAZENECA LP  [VIA REGISTERED MAIL]
1800 CONCORD PIKE
WILMINGTON, DE 19803

ASTRAZENECA LP  [VIA CERTIFIED MAIL]
ATTENTION: LEGAL DEPARTMENT
1800 CONCORD PIKE
WILMINGTON, DE 19803

ADMINISTRATOR  [VIA CERTIFIED MAIL]
U.S. ENVIRONMENTAL PROTECTION AGENCY
1200 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20460

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 6


REGIONAL ADMINISTRATOR  [VIA CERTIFIED MAIL]
U.S. ENVIRONMENTAL PROTECTION AGENCY
REGION 2
290 BROADWAY
NEW YORK, NY 10007-1866

COMMISSIONER  [VIA CERTIFIED MAIL]
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
625 BROADWAY
ALBANY, NY 12233

DIRECTOR, DIVISION OF ENVIRONMENTAL REMEDIATION  [VIA CERTIFIED MAIL]
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
625 BROADWAY
ALBANY, NY 12233

Harter Secrest & Emery LLP

ATTORNEYS AND COUNSELORS

May 10, 2017
Page 7

## Exhibit B:
### Plaintiffs[1] and Plaintiff Properties

| Plaintiff: - Name - Mailing Address - Telephone Number | Plaintiff Property: Address - Section-Block-Lot (SBL) No. |
|---|---|
| **1. Talarico Bros. Building Corp.** 625 Center Street Lewiston, NY 14092 716-754-9963 | [Unnumbered Parcel] Upper Mountain Road Lewiston, NY 14092 SBL No. 115.08-1-27 |
| **2. a. Joseph Lozina, Sr. (occupant with life-use estate)** **b. Joseph Lozina, Jr. (owner)** 728 Upper Mountain Road Lewiston, NY 14092 716-297-2162 | 728 Upper Mountain Road Lewiston, NY 14092 SBL No. 115.08-1-28 |
| **3. John Grace** 738 Upper Mountain Road Lewiston, NY 14092 716-696-2266 | 738 Upper Mountain Road Lewiston, NY 14092 SBL No. 115.08-1-26 |
| **4. Philip Palmeri** 789 Upper Mountain Road Lewiston, NY 14092 716-440-8098 | 789 Upper Mountain Road Lewiston, NY 14092 SBL No. 115.08-1-13 |
| **5. Mark and Theresa Schuler** 1011 Upper Mountain Road Lewiston, NY 14092 716-298-4332 | 1011 Upper Mountain Road Lewiston, NY 14092 SBL No. 102.18-1-29 |

---

[1] While we have provided contact information for the Plaintiffs in this Exhibit B, **all communications related to this matter should be directed to John G. Horn, Esq., of Harter Secrest & Emery LLP (716-844-3728, JHorn@hselaw.com).**

5957555_1

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 8

| | |
|---|---|
| **6. Constantino and Christine Argona**<br>1015 Upper Mountain Road<br>Lewiston, NY 14092<br>716-523-7643 | 1015 Upper Mountain Road<br>Lewiston, NY 14092<br>SBL No. 102.18-1-30 |
| **7. John Raymond**<br>5374 Robert Street<br>Lewiston, NY 14092<br>716-523-4345 | 5374 Robert St.<br>Lewiston, NY 14092<br>SBL No. 115.15-1-20 |
| **8. Harold Wade**<br>5380 Robert Street<br>Lewiston, NY 14092<br>716-903-7717 | 5380 Robert St.<br>Lewiston, NY 14092<br>SBL No. 115.15-1-21 |
| **9. Walter and Barbara Michaels**<br>5382 Robert Street<br>Lewiston, NY 14092<br>716-282-1722 | 5382 Robert Street<br>Lewiston, NY 14092<br>SBL No. 115.15-1-22 |
| **10. Robert Ward**<br>4979 Creek Road<br>Lewiston, NY 14092<br>910-742-8443 | 4979 Creek Road<br>Lewiston, NY 14092<br>SBL No. 101.16-1-58 |
| **11. The Wheelhouse, Inc.,**<br>**Thomas Harrison and Deborah Harrison**<br>3049 Grand Island Boulevard<br>Grand Island, NY 14072<br>716-773-7023 | 3047 & 3049 Grand Island Boulevard<br>Grand Island, NY 14072<br>SBL No. 23.02-3-61.1 (3047 parcel)<br>SBL No. 23.02-3-63 (3049 parcel) |
| **12. Gary Ebersole**<br>3050 Grand Island Boulevard<br>Grand Island, New York 14072<br>716-853-1717 | 3050 & 3060 Grand Island Boulevard, and<br>unnumbered parcel north of 3060 Grand Island<br>Boulevard<br>Grand Island, NY 14072<br>SBL No. 23.02-3-67 (3050 parcel)<br>SBL No. 23.02-3-66 (3060 parcel)<br>SBL No. 23.02-3-65.1 (unnumbered parcel) |

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 10, 2017
Page 9

| | |
|---|---|
| **13. Dietrick Brothers, Inc.**<br>146-160 Clinton Street<br>Buffalo, NY 14203<br>716-853-7066 | 4601, 4609 & 4611 Military Road<br>Niagara Falls, NY 14305<br>SBL No. 131.10-2-34 (4601 parcel)<br>SBL No. 131.10-2-35 (4609 parcel)<br>SBL No. 131.10-2-36 (4611 parcel) |
| **14. Paul and Diane Ziuko**<br>3742 Dickersonville Road<br>Ransomville, NY 14131<br>716-471-2165 | 4613 Military Road<br>Niagara Falls, NY 14305<br>SBL No. 131.10-2-37 |
| **15. 8001 Buffalo Ave., Inc.**<br>327 Hyde Park Boulevard<br>Niagara Falls, NY 14303<br>716-285-2886 | 239, 245 (two parcels), & 255 Portage Road<br>Niagara Falls, NY 14303<br>SBL No. 159.48-3-85.1 (239 parcel)<br>SBL No. 159.48-3-85.3 (245 parcel)<br>SBL No. 159.48-3-85.2 (245 parcel)<br>SBL No. 159.48-3-3 (255 parcel) |