UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TALARICO BROS. BUILDING CORP., et al.,

    Plaintiffs,

v.              **DECISION AND ORDER**

                 17-CV-1041S

UNION CARBIDE CORP., et al.,

    Defendants.

---

## I. Introduction

This is a Resource Conservation and Recovery Act citizens' suit, 42 U.S.C. § 6972, and related state tort action by property owners in Niagara and Erie[1] Counties New York, against the present and former owners of chemical plants that allegedly released radioactive slag on their properties (see Docket No. 26, Am. Compl. ¶¶ 1-6, 36-38, 63).

Among the Plaintiffs are Robert Ward and Betty Moticka, who own 4979 Creek Road, Lewiston, New York, that allegedly was exposed to the release (id. ¶ 21, regarding the "Ward/Moticka Property," id. ¶¶ 38, 63).

Before this Court is the Motion of Intervenor MTGLQ Investors, LP (who hold the mortgage on the Ward/Moticka Property), to intervene (Docket No. 50). Defendants oppose (Docket No. 53). For the reasons stated herein, MTGLQ Investors' Motion to Intervene (Docket No. 50) is granted.

---

[1] Docket No. 26, Am. Compl. ¶¶ 22-23, allege Plaintiff who owned affected parcels on Grand Island, New York, which is in Erie County.

## II.  Background

Ward and Moticka joined the other Plaintiffs to sue Union Carbide Corporation, Occidental Chemical Corporation, and Bayer Cropscience Inc., for the release of radioactive slag from Defendants' industrial operations (Docket Nos. 1, Compl., 26, Am. Compl. ¶ 21). Including Ward and Moticka, twenty-eight Plaintiffs owning twenty affected properties sued here (id. ¶¶ 10-31).

Defendants moved to dismiss the Amended Complaint (Docket No. 29); that motion is pending.

### A.  MTGLQ Investors Mortgage Interest

MTGLQ Investors states its interest in Ward/Moticka Property (Docket No. 50, MTGLQ Investors Atty. Decl.). In 2006, Ward and Moticka purchased their property and mortgaged their property in 2007 to Bank of America and MTGLQ Investors eventually acquired the mortgage in 2018 (id. ¶¶ 4-5, Exs. A, B; see Docket No. 53, Defs. Memo. at 2, Defs. Counterstatement of Facts ¶ 3). In 2011, Ward and Moticka defaulted on the mortgage (Docket No. 50, MTGLQ Investors Atty. Decl. ¶ 6). The then-current noteholder (Green Tree, later known as Ditech Financial LLC) foreclosed on the property in Niagara County Supreme Court (id. ¶¶ 6-7, Ex. C; id., Crystal Kearse Aff. ¶ 6; see Docket No. 53, Defs. Memo. at 2, Defs. Counterstatement ¶¶ 6, 7), Greentree v. Ward, Index No. 153318/14.

On October 16, 2017, Ward and Moticka with the other Plaintiffs, commenced the present action against Defendants (Docket No. 1). In 2018, their mortgage was assigned to MTGLQ Investors (Docket No. 50, MTGLQ Investors Atty. Decl. Ex. B; id., Kearse Aff. ¶ 5; see Docket No. 53, Defs. Memo. at 3, Defs. Counterstatement ¶ 9).

As of the filing of MTGLQ Investors' motion, the noteholder (by then MTGLQ Investors) was awaiting entry of judgment of foreclosure (Docket No. 50, MTGLQ Investors Atty. Decl. ¶ 7, Ex. C). From this Court's review of the New York State court records, on November 13, 2019, Justice Daniel Furlong granted an oral decision for judgment of foreclosure and sale.

This Court ordered the putative Intervenor to supplement the record as to the status of the property (Docket No. 58, text Order of Feb. 4, 2021) and MTGLQ Investors reported the current status of its foreclosure (Docket No. 59).

When MTGLQ Investors moved to intervene, its motion for judgment of foreclosure was pending in New York State Supreme Court, Niagara County. MTGLQ Investors now reports (cf. Docket No. 58, text Order for status report) that the foreclosure action was dismissed on April 29, 2019. MTGLQ Investors moved to vacate this dismissal but that motion was denied on November 13, 2019. (Docket No. 59, MTGLQ Investors Atty. Letter at 1.) On October 7, 2020, MTGLQ Investors filed a second foreclosure action in State Supreme Court, Niagara County, Index No. E173277/2020 (id.). Due to the present pandemic, that action was stayed pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act, 2020 N.Y. Sess. Laws Ch. 351 (McKinney), to at least to February 27, 2021, and possibly through May 1, 2021 (id.), id. § 13. MTGLQ Investors reports that, prior to the stay, it engaged in discovery and intends to move for summary judgment once the stay is lifted (id. at 1).

B. MTGLQ Investors' Motion to Intervene (Docket No. 50)

On May 28, 2019, MTGLQ Investors moved to intervene (Docket No. 50)[2]. Responses to the motion were due on June 11, 2019, and replies by June 18, 2019 (Docket No. 52). Defendants made their timely response (Docket No. 53) and MTGLQ Investors replied (Docket No. 54); the parties made timely submissions. The motion then was deemed submitted without oral argument.

### III.     Discussion

A. Applicable Standards

1. Motion to Intervene, Federal Rule 24

On a timely motion to intervene as of right,

> "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest,"

Fed. R. Civ. P. 24(a)(2).  "Denial of the motion to intervene is proper if any of these requirements is not met," Seils v. Rochester City School Dist., 199 F.R.D. 506, 509 (W.D.N.Y. 2001) (Larimer, C.J.); In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000).

Rule 24 is to be given a liberal construction, 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1904, at 269 (Civil 3d ed. 2007), and subject to this Court's discretion, cf. International Paper Co. v. Inhabitants of the Town of Jay, Maine, 887 F.2d 338, 343 (1st Cir. 1989) (holding district court did not abuse

---

[2] In support of its motion, MTGLQ Investors submitted its Attorney's Affirmation with exhibits, Docket No. 50; and Reply Memorandum, No. 54.

Defendants opposed and filed their joint Memorandum, Docket No. 53.

its discretion in denying intervention of State of Maine as of right); 7C Federal Practice and Procedure, supra, § 1908.2, at 372 n.10.

Judge John Elfvin recognized four factors for allowing a party to intervene: "(1) that its motion to intervene is timely, (2) that it claims an interest relating to the subject matter of the action, (3) that its interest may be impaired by the disposition of the action and (4) that its interest is not adequately protected by an existing party," Jones v. Richter, No. 97CV291, 2001 WL 392079, at *1 (W.D.N.Y. Apr. 4, 2001); see Restor-A-Dent Dental Labs v. Certified Alloy Products, Inc., 725 F.2d 871, 874 (2d Cir. 1984).

### 2. Timeliness of Motion to Intervene

Timeliness, in turn, is considered on the totality of circumstances and rests on this Court's sound discretion, Jones, supra, 2001 WL 392079, at *2; United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). The Second Circuit in Pitney Bowes listed some characteristics for timeliness,

> "Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness,"

Pitney Bowes, supra, 25 F.3d at 70; Jones, supra, 2001 WL 392079, at *2.

Judge Elfvin found that prejudice to existing parties was the most important consideration for the timeliness of the intervention application, 2001 WL 392079, at *3. He then concluded that the intervenor in Jones was untimely and then did not address the other factors for granting intervention, id. at *4.

5

B. Parties' Contentions

From its mortgage on the Ward/Moticka Property and its foreclosure, MTGLQ Investors argues it has an interest in that property to justify intervention (Docket No. 50, MTGLQ Investors Atty. Affirm. ¶ 9, Ex. A).  Under the mortgage agreement, as lender MTGLQ Investors was to get notice from Ward and Moticka of any action that has significant impact on the lender's interest (id., Ex. A, Mortgage contract ¶ 9, at Book 5313, Page 0147), but they did not notify MTGLQ Investors (Docket No. 50, MTGLQ Investors Memo. at 5).  That agreement also provided that "Miscellaneous Proceedings," defined to include damages recovered from third parties for injuries to the mortgaged premises, are to be paid to the lender (id., Ex. A, ¶ 11, "Words Used Often in This Document," at Book 5313, Pages 0148, 0140).  MTGLQ Investors also argues under the mortgage agreement that Ward and Moticka covenanted that they would not cause or permit hazardous materials on the mortgaged property (id. ¶ 10, Ex. A[3]).

As for the timeliness of its motion, MTGLQ Investors argues that it was timely (Docket No. 50, MTGLQ Investors Memo. at 5-12).  First, this case is at the pleading stage with a pending Motion to Dismiss, MTGLQ Investors concludes that no other party would be prejudiced by intervention but MTGLQ Investors would be prejudiced if not allowed in the case (id. at 5-7).  Once the judgement of foreclosure is entered (pending when this motion was filed), MTGLQ Investors argues that title probably reverts to them and Ward and Moticka would no longer be proper party plaintiffs (id. at 6-7).  MTGLQ Investors denies that any unusual circumstances militate for or against intervention (id. at 7).

---

[3] MTGLQ Investors cite to ¶ 21 of the mortgage agreement as part of Ex. A, but that exhibit skips a page that contained that paragraph.

Defendants oppose intervention. First, they argue that MTGLQ Investors, as a subsidiary of Goldman Sachs with imputed Goldman's sophistication, was not diligent in learning about this action and are time barred from intervening (Docket No. 53, Defs. Memo. at 5, 1, 3). Defendants claim prejudice to add a party at this time since their Motion to Dismiss is fully briefed and the existing parties worked out a sampling protocol (id. at 6). Defendants assert that Ward and Moticka still owned the property as of the filing of this motion, hence MTGLQ Investors has no interest in it (id. at 6). They next contend that MTGLQ Investors' interest in the property is too contingent to allow their intervention (id. at 6-9). Defendants deny any damage to the property arising from this action to justify intervention (id. at 10). Alternatively, Defendants contend whatever interest MTGLQ Investors may have were adequately protected by existing Plaintiffs Ward and Moticka (id. at 10-11).

MTGLQ Investors replies that its intervention is timely (Docket No. 54, MTGLQ Investors Reply Memo. at 3-7, dated June 18, 2019). MTGLQ Investors claimed an interest relating to the subject of this action from the Note and Mortgage it holds and the pending foreclosure on that mortgage (id. at 8-9). It claims interest in this action would not be adequately protected by Ward and Moticka, thus that interest is impaired and not adequately protected by Ward and Moticka or other existing parties (id. at 7-10, 10-13).

### C. MTGLQ Investors' Intervention

This Court considers intervention factors Judge Elfvin recognized but in a different order. Considered first here are the interests MTGLQ Investors has in this case, whether that interest may be impaired by disposition of this action, and whether other parties (particularly Plaintiffs Ward or Moticka) can adequately protect its interest. Then, this

7

Court will consider the timeliness of the Motion to Intervene and the factors to be weighed in that determination.  See also Seils, supra, 199 F.R.D. at 510-12 (then-Chief Judge Larimer consider interests first then timing of motion to intervene).

        1.  Interest in Case's Subject Matter

MTGLQ Investors has an interest in property at issue in this case as the current mortgage holder on the property and the party foreclosing upon it.  When it moved to intervene, its motion for judgment of foreclosure was pending.  That foreclosure proceeding turned out to be the first foreclosure action, which was dismissed on April 29, 2019, and the motion to vacate this dismissal was denied on November 13, 2019.  (Docket No. 59, MTGLQ Investors Atty. Letter at 1.)  On October 7, 2020, MTGLQ Investors filed a second foreclosure action, which due to the pandemic was stayed (id.), COVID-19 Emergency Eviction and Foreclosure Prevention Act, § 13, 2020 N.Y. Sess. Laws Ch. 351 (McKinney).

Defendants rely upon Seils v. Rochester City School District, supra, 199 F.R.D. at 510, arguing that MTGLQ Investors had a contingent interest (Docket No. 53, Defs. Memo. at 6-7).  The interest to allow intervention as right, "the interest that will satisfy the requirements of the rule has been characterized as one which is significantly protectable, direct, and immediate, as opposed to one which is remote or contingent," id.  In Seils, Rochester City School teachers sued under Title VII.  Two teachers sought to intervene for similar, but not identical, employment discrimination claims.  Id. at 508-09. Then-Chief Judge Larimer found that movants did "not have a sufficient interest in the 'property or transaction' which is the subject of this suit to give rise to the right to intervene," id. at 510.

8

Movants had claims that were "very different" from those of the plaintiffs and those differences were "compelling reasons why intervention should be denied," id.

Seils is distinguishable from the facts presented here. Ward, Moticka, and MTGLQ Investors have common interest in the property Ward and Moticka allege Defendants contaminated. Seils consists of individual teachers complaining about their treatment by the School District. Chief Judge Larimer also found that the movants have not shown that their interest cannot be protected by the plaintiffs or that disposition of the action would impair or impede movants' ability to protect their interest, id. at 510-11. Movants proposed to add defendants to the case if allowed to intervene, id. at 511-12; MTGLQ Investors have not proposed new pleadings or parties.

MTGLQ Investors has protectable, direct, and immediate interest in the Ward/Moticka Property from the mortgage agreement and the pending foreclosure. While the foreclosure if contingent, especially given the dismissal of the first foreclosure proceeding and the pandemic stay of the second, current proceeding, the mortgage agreement gives the direct and immediate interest in the property and the issues raised in this case. Paragraph 21 of the mortgage agreement required Ward and Moticka to covenant that the property did not have hazardous substances present or allow such substances that (among other conditions) adversely affects the value of the property (Docket No. 50, MTGLQ Investors Atty. Decl. ¶ 10, Ex. A, mortgage agreement ¶ 21). The mortgage agreement also calls for a Miscellaneous Proceeds fund that would pay for restoration or repair of the property (id. ¶ 9, Ex. A, mortgage agreement ¶ 11); if Plaintiffs prevail against Defendants in this action, MTGLQ Investors as the current lender has an

Case 1:17-cv-01041-WMS   Document 60   Filed 02/25/21   Page 10 of 14


...


interest in any damages awarded to Moticka and Ward to remediate the property. This interest is sufficient for movant's intervention.

### 2. Impaired Interest and Adequate Protection

MTGLQ Investors here claims an interest relating to the subject matter of this action, the alleged contamination of the Ward/Moticka Property, the security held by the putative Intervenor. MTGLQ Investors has an interest in this property from the mortgage and its foreclosure. The value of that property is impaired by the alleged deposit of radioactive slag. If Plaintiffs do not prevail, that diminution of value cannot be addressed.

As the mortgage lender, MTGLQ Investors has an interest distinct from Ward and Moticka's that these Plaintiffs could virtually represent if MTGLQ Investors is not allowed to intervene. As exhibited in the pending foreclosure proceeding, MTGLQ Investors and Ward and Moticka have disparate interests.

Therefore, MTGLQ Investors have established that its interest impaired by resolution of this action and cannot be adequately protected by Ward or Moticka.

### 3. Timeliness of Motion to Intervene

As for the timeliness of this Motion to Intervene under the Pitney Bowes standard, 25 F.3d at 70, supra, MTGLQ Investors was not noticed by Ward and Moticka of the filing of this action, commenced while the foreclosure was pending and before MTGLQ Investors acquired the mortgage. Defendants attribute the sophistication of Goldman Sachs to MTGLQ Investors (Docket No. 53, Defs. Memo. at 3, 5 nn.2, 3) to have researched and learn of this action after it was filed. As Defendants know, this action involves more than the Ward/Moticka Property, since Ward and Moticka joined 26 other Plaintiffs to sue Defendants (Docket No. 26, Am. Compl. ¶¶ 10-20, 22-31). Ward and

Moticka failed to notify the lender about this action (Docket No. 50, MTGLQ Investors Atty. Decl. ¶ 8). The earliest MTGLQ Investors itself would have made this search in September 2018, when it assumed the mortgage (see id. ¶ 5), a mortgage then in a pending foreclosure. MTGLQ Investors' focus probably was on the foreclosure rather than actions commenced by the defaulting borrowers. This Court notes, however, that MTGLQ Investors has not stated when it learned of this action; the latest would be just prior to filing this motion on May 28, 2019 (Docket No. 50).

The diligence Defendants urges is too much. Defendants make much of the attributed sophistication of parent Goldman Sachs to the proposed Intervenor without establishing that MTGLQ Investors had access to those resources. MTGLQ Investors received notice of this action when it had actual notice and not some earlier date when it had no interest (when the action was filed in 2017) or just acquired its interest (in 2018). No representation is made about the former lender Green Tree Servicing (see id. Ex. B) and its knowledge of this action from 2017-18.

Despite Defendants' arguments, there is no prejudice to the existing parties if MTGLQ Investors intervenes now. First, none of the Plaintiffs have taken a position on this Motion to Intervene. Second, this case is at the pleading stage, with pending a fully briefed Motion to Dismiss. MTGLQ Investors has not stated that it had to add to the response to that motion or seek leave to reopen briefing. Plaintiffs collectively have responded to that motion, without any one Plaintiff setting their own individual objections. The Motion to Dismiss focuses on general defenses and jurisdictional grounds applicable to all Plaintiffs and are not specific to any particular property or Plaintiff. Intervention by the mortgage lender for one subject parcel would not delay resolution of that motion.

The existing parties have stipulated to a sampling protocol (cf. Docket No. 53, Defs. Memo. at 6), but Defendants have not shown prejudice if MTGLQ Investors was included in that protocol or whether sampling was on going (given the pending Motion to Dismiss). MTGLQ Investors has not indicated that it opposes the terms of the protocol or seek to revisit the terms for the Ward/Moticka Property. If there is a change of ownership in the Ward/Moticka Property (for example from the judgment of foreclosure), that protocol would have to reflect the current owner of that property or the parties would have difficulties obtaining samples from that site.

MTGLQ Investors, however, would be prejudiced if excluded from this action. It has an interest in one of properties at issue in this case, the Ward/Moticka Property, from Defendants' alleged pollution of that property, with that pollution allegedly diminishing the value of the mortgaged property. It retains an interest even if foreclosure has not been consummated. Under ¶ 11 of the Mortgage Agreement, MTGLQ Investors as lender would receive miscellaneous proceeds for remediating damages to the property (Docket No. 50, MTGLQ Investors Atty. Decl. Ex. A, ¶ 11). Plaintiffs (including Ward and Moticka) are seeking recovery from Defendants that would fund the miscellaneous proceeds for the Ward/Moticka Property. Once judgment of foreclosure is entered (be it for a revived initial foreclosure or on the second foreclosure), MTGLQ Investors may have difficulty either selling the property or selling it at close to the mortgage value given the exposure to radioactive slag. Upon foreclosure, MTGLQ Investors acquires title to a property subject to diminished value.

As conceded by MTGLQ Investors (Docket No. 50, MTGLQ Investors Memo. at 7), there are no unusual circumstances militating for or against intervention. Thus, movant is timely in seeking to intervene.

Notice, this Court now is not addressing Ward and Moticka's interest in this case upon MTGLQ Investors' intervention. This is not a substitution of MTGLQ Investors for Ward and Moticka, cf. Fed. R. Civ. P. 25(c), or a motion to drop Moticka and Ward as Plaintiffs, cf. id., R. 21. Ward and Moticka have not responded to this Motion to Intervene. If the Ward/Moticka Property was sold, either to MTGLQ Investors in the forfeiture or to a third party, Ward and Moticka might retain an interest in this case for damages incurred during their ownership (from 2006 to the date of sale) (see Docket No. 26, Am. Compl., "Wherefore" Cl., subparts c.-e., at 21), but no interest after the sale for such things as injunctive relief sought by the Plaintiffs (see id. "Wherefore" Cl., subpart a.) or damages incurred after any sale. Absent a judgment of foreclosure or sale of the property, resolution of Ward and Moticka's status is not yet an issue.

Allowing the intervention of the mortgage lender for these two Plaintiffs is not necessarily opening this case to the intervention by other mortgage lenders. What distinguishes other mortgage lenders from MTGLQ Investors is the pending foreclosure, which if the lender prevails, changes title to the affected property. Another distinguishing fact that, so far, only lender MTGLQ Investors has moved to intervene. The terms of MTGLQ Investors' mortgage agreement also gives it interests that other lenders might not have in their respective mortgages; this Court has no record of the mortgage terms of the other Plaintiffs to conclude that their lenders also should be granted leave to intervene. These mortgage lenders are not presently before this Court seeking intervention.

MTGLQ Investors' Motion (Docket No. 50) is timely, movant has an interest in this action that may be impaired by its disposition in its absence, and MTGLQ Investors' interest is not adequately protected by an existing party. MTGLQ Investors' Motion to Intervene (Docket No. 50) is granted.

## IV.   Conclusion

MTGLQ Investors timely established an interest that makes it an Intervenor in this case. Its Motion to Intervene (Docket No. 50) is granted. What remains is Defendants' pending Motion to Dismiss (Docket No. 29), which is submitted on the papers since no one (including MTGLQ Investors) has sought leave to reopen briefing.

## V.   Orders

IT HEREBY IS ORDERED, that Intervenor MTGLQ Investors, LP's Motion to Intervene (Docket No. 50), is GRANTED.

SO ORDERED.


Dated:     February 25, 2021
           Buffalo, New York


                                              s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                         United States District Judge